◼ JANE BORNSTEIN, Appellant, v MIKE BORNSTEIN, Also Known as MORRIS BORNSTEIN, Respondent. — Order, Supreme Court, New York County, entered January 2, 1981 vacating an order of wage deduction entered February 1, 1972 as not enforceable with regard to defendant's new employer, unanimously reversed, on the law, without costs, and application to vacate is denied. We do not agree with Special Term that the subject of an order of wage deduction pursuant to section 49-b of the Personal Property Law may render such an order unenforceable by changing employment. The 1980 amendment of section 49-b (subd 1, par [a]) (L 1980, ch 662, § 1, eff June 30, 1980), specifically including within the scope of such orders future employers, stated explicitly that which in our view was clearly intended previously. The moving papers disclose no other change of circumstances to justify the vacating of the prior order. Concur — Sandler, J. P., Ross, Carro, Markewich and Fein, JJ.

◼ KRISTIN MILLER et al., Respondents, v CARLOS HERNANDEZ et al., Appellants, et al., Defendant. — Judgment, Supreme Court, New York County, entered on September 10, 1980, unanimously modified, on the law and the facts, and a new trial ordered with respect to plaintiff Kristin Miller on the issue of damages only, without costs and without disbursements, unless plaintiff Kristin Miller, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $150,000 and to the entry of an amended judgment in accordance therewith. If plaintiff Kristin Miller so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Kupferman, J. P., Birns, Sullivan, Silverman and Bloom, JJ.